ORIGINAL

# In the United States Court of Federal Claims

No. 17-173C
(Filed August 31, 2017)
NOT FOR PUBLICATION

FILED
AUG 3 1 2017
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
                                              *
                                              *
RONALD FRANCIS CROTEAU,                       *
                                              *
            Plaintiff,                        *
      v.                                      *
                                              *
THE UNITED STATES,                            *
                                              *
            Defendant.                        *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

On August 14, 2017, the Clerk's office received a package of documents submitted by plaintiff. These documents were not filed when received because they failed to comply with rules of our court --- most prominently, the requirement that an original and two copies of each document be submitted for filing under Rule 5.5(d)(2) of the Rules of the United States Court of Federal Claims (RCFC). Although plaintiff submitted just one photocopy of each document, and not the original, signed copy, the Court will excuse this defect in light of plaintiff's *pro se* status.

The documents submitted are of an irregular nature, consisting of a cover sheet purporting to instruct the Clerk on the order in which plaintiff desires the documents to be filed, and twelve separate papers which he designates as motions of various sorts. The cover sheet submitted by Mr. Croteau will be returned to him, as it is not in a form recognizable for filing. Although it is difficult to discern the meaning of many if not all of the remaining papers, the Court has reviewed them to determine whether and how each should be filed.

The first, fourth, fifth, and sixth documents appear to have some relationship, however tangential, to Mr. Croteau's argument that this court has jurisdiction over his claim. The Clerk shall file these, collectively, as a supplemental brief opposing the defendant's motion to dismiss the case. No response from the government is required.

The second, third, and seventh documents pertain to plaintiff's motion for a default judgment. Although these were not timely submitted, the Clerk shall file them, collectively, as a reply in support of plaintiff's motion for a default judgment.

Plaintiff in the eighth document purports to request that our court forward the paper to President Trump. That document consists mainly of a copy of the brief that was the sixth document submitted by plaintiff. This is an improper request that is not provided for in our rules. The Clerk shall return this document to Mr. Croteau.

The ninth and tenth documents refer to prison disciplinary actions, and the twelfth document contains the docket sheet for Mr. Croteau's criminal case. The Clerk shall file these, collectively, as a status report.

The eleventh document is entitled "MOTION HABEAS CORPUS PROCEEDING BY VIDEO CONFERENCE". This document may be filed as an application for a writ of habeas corpus. This court has no jurisdiction over such applications. *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002); 28 U.S.C. § 2241. Accordingly, this motion is **DENIED**.

On the second page of the third document, Mr. Croteau sheds some light on his previously-unexplained motion for a default judgment, which was filed June 9, 2017. He seems to believe that the government's motion to dismiss the case was filed a day late. Plaintiff misapprehends our court's method of calculating deadlines. Per RCFC 6(a), a period of time is calculated excluding the day of the event which triggered the period. Plaintiff's complaint was filed on February 6, 2017, while the government's response was filed sixty days later, on April 7, 2017. Therefore, the government's filing was timely. Plaintiff is also mistaken in claiming that the government must file an answer within sixty days. The government may instead file a motion under RCFC 12 or 56 and thereby alter the deadline for filing an answer. RCFC 12(a)(4); *see Brandon v. United States*, No. 15-600C, 2015 WL 5175142, at *1 (Fed. Cl. Sept. 3, 2015). Thus, plaintiff's motion for a default judgment is **DENIED**.†

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge

---

† To the extent this motion can be construed as a request for oral argument concerning the government's motion to dismiss the case, this, too is **DENIED**. The Court at this time does not believe that oral argument would be useful regarding that motion.