ORIGINAL

# In the United States Court of Federal Claims

No. 17-173C
(Filed September 22, 2017)
NOT FOR PUBLICATION

FILED
SEP 2 2 2017
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * *
                                           *
                                           *
                                           *
RONALD FRANCIS CROTEAU,                    *
                                           *
              Plaintiff,                   *
       v.                                  *
                                           *
THE UNITED STATES,                         *
                                           *
              Defendant.                   *
                                           *
* * * * * * * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

In this case brought by Ronald Francis Croteau, Mr. Croteau alleges that he is entitled to $120,315,000 in damages for constitutional violations and torts committed by unnamed agents of the Internal Revenue Service. For the reasons stated below, the court finds that it lacks subject-matter jurisdiction over plaintiff's claims. Defendant's motion to dismiss the case is accordingly **GRANTED**.

### I. BACKGROUND

Plaintiff is currently serving a 56-month prison sentence after being convicted of ten counts of making false, fictitious, or fraudulent claims on his tax returns in violation of 18 U.S.C. sections 2 and 287, and one count of corruptly interfering with the administration of internal revenue laws in violation of 26 U.S.C. § 7212(a). *United States v. Croteau*, 819 F.3d 1293, 1297 (11th Cir. 2016).

Plaintiff filed the complaint in this case *pro se* on February 6, 2017, along with an application to proceed *in forma pauperis*. Plaintiff's complaint is irregular and difficult to decipher. He alleges violations of his First, Fourth, Sixth, Seventh, and Thirteenth Amendment rights, a violation of his Fifth Amendment due process right, and a violation of the Tenth Amendment. Compl. at 31–34. Further, plaintiff alleges tort liability for malpractice and fraud. Compl. at 34, 35. Plaintiff also

7017 1450 0000 1346 2571

appears to argue that he is entitled to unspecified equitable relief. Compl. at 6, 14, 29–30.

On April 7, 2017, the government moved to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Def's Mot. to Dismiss at 1. The government argued that Mr. Croteau does not identify a money-mandating provision which gives this court jurisdiction over the constitutional violations he alleges; that our court has no jurisdiction over Mr. Croteau's tort claims; and that Mr. Croteau's grievances which relate to a criminal prosecution before the U. S. District Court for the Middle District of Florida cannot create a basis for an action in this court. *Id.* at 3–5.

On April 24, 2017, plaintiff filed a response to the government's motion to dismiss the case. Mister Croteau's argument is difficult to follow, but he appears to have argued that the court does have jurisdiction to hear his case, based at least in part on an unusual theory of legal personhood. Pl.'s Resp., ECF No. 7 at 2, 7. Plaintiff also contended that defendant had defaulted, based on his erroneous belief that the motion to dismiss the case was filed too late. *Id.* at 7. He also reiterated a claim of entitlement to equitable relief. *Id.*

The government filed a reply to plaintiff's motion to dismiss on May 4, 2017. Def.'s Reply, ECF No. 12. The government reiterated its position that the court does not possess jurisdiction to entertain any of Mr. Croteau's claims. *Id.*

Plaintiff submitted a further set of documents on May 19, 2017. These were filed as a status report and a sur-reply in response to the government's motion to dismiss the case. In the latter, plaintiff reiterated his argument that the court has jurisdiction over his claim and requested judgment against the defendant. Surreply, ECF No. 15 at 1.

On June 9, 2017, plaintiff filed a document styled "MOTION BY VIDEO CONFERENCE TO HEAR FINAL ARGUMENT BY PLAINTIFF AND REQUEST FOR FINAL DEFAULT JUDGMENT." ECF No. 16 at 1. This document reiterated Mr. Croteau's arguments regarding jurisdiction and entitlement to judgment and damages.

The government filed a response to Mr. Croteau's motion for default judgment on June 22, 2017. Def.'s Resp., ECF No. 17. The government argued that Mr. Croteau is not entitled to default judgment because the government's motion to dismiss this case was timely filed. The government also reiterated its position that this case is outside of the jurisdiction of the court.

Plaintiff filed another collection of documents on August 14, 2017. These have been treated variously as a supplemental brief to his motion to dismiss, a reply to the government's motion for default judgment, a status report, and a motion for

writ of habeas corpus, which the Court denied. The Court also denied Mr. Croteau's motion for default judgment and request for oral argument. Order (Aug. 31, 2017) at 2, ECF No. 22.

## II. DISCUSSION

### A. Subject-Matter Jurisdiction

Whether the court has subject-matter jurisdiction is a threshold issue that may be brought up at any time, either by the parties or by the court *sua sponte*. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Pursuant to RCFC 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." In making this determination, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Folden*, 379 F. 3d at 1354.

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. 1491(a)(1). The provision of the Constitution or Act of Congress cited as the basis for the claim must be money-mandating. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating.").

### B. Analysis

Assuming that Mr. Croteau's allegations are true and taking into consideration Mr. Croteau's *pro se* status by broadly construing his arguments, the Court nevertheless finds that none of his claims falls within our jurisdiction. This court cannot entertain this case unless a jurisdictional basis has been properly invoked. *See* RCFC 12(h)(3).

Mr. Croteau alleges violations of the First, Fourth, Sixth, Seventh, Tenth, and Thirteenth Amendments and the Due Process Clause of the Fifth Amendment. None of the constitutional provisions Mr. Croteau cites are money-mandating provisions. Plaintiff cannot base our jurisdiction on violations of the First, Fourth, Sixth, Seventh, Tenth, or Thirteenth Amendments, as those amendments do not mandate the payment of money damages when violated. *See United States v. Connolly*, 716 F.2d 882, 888 (Fed. Cir. 1983) (First Amendment); *Dupre v. United States*, 229 Ct. Cl. 706, 706 (1981) (Fourth and Sixth Amendments); *Webster v. United States*, 74 Fed. Cl. 439, 444 (2006) (Seventh Amendment); *Fry v. United States*, 72 Fed. Cl. 500, 507 (2006) (Fourth and Tenth Amendments). Further, to the extent plaintiff relies on the Due Process Clause of the Fifth Amendment, it is

not money-mandating.† *Smith v. United States*, 709 F.3d 1114, 1116 (Fed.Cir.2013) (holding that the Due Process Clause of the Fifth Amendment is not money-mandating). Finally, this Court lacks jurisdiction to entertain claims based upon the Thirteenth Amendment. *Carter v. United States*, 228 Ct. Cl. 898, 900 (1981).

Plaintiff also challenges the decisions of a United States district court. Compl. at 34. This court does not have jurisdiction over appeals of the actions of other courts. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (holding that this court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts"); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (explaining that this court is not an appellate tribunal, and "does not have jurisdiction to review the decisions of district courts"); *Bafford v. United States*, No. 09-030, 2009 WL 2391785, at *4 (Fed. Cl. Aug. 3, 2009) (explaining that this court does not have jurisdiction to review the decisions of federal courts of appeal).

Mister Croteau also appears to allege tort claims for fraud and professional malpractice. Compl. at 34–35, 37. The Tucker Act expressly places within our jurisdiction only matters "not sounding in tort." 28 U.S.C. § 1491(a)(1). Fraud and malpractice claims sound in tort and are not within the Court's jurisdiction. *See, e.g., Sellick v. United States*, 222 Ct. Cl. 679, 681 (1980) (fraud); *McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006) (malpractice).

The final pages of plaintiff's complaint list a number of the Federal Rules of Criminal Procedure as well as various federal statutes. Compl. at 35–36. This court has no jurisdiction over the criminal claims or claims against individuals provided for in these statutes. *See Stanwyck v. United States*, 127 Fed. Cl. 308, 314 (2016) (criminal); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (individuals). In these pages, Mr. Croteau also appears to allege a violation of a contract between himself and the state of Florida. Compl. at 36. Suits against state governments are outside of this court's jurisdiction; the United States government is the only proper plaintiff before this court. *Id.* Moreover, the document plaintiff references is an unusual statement he wrote seemingly redefining the meaning of his citizenship, which he then had notarized as an Apostille from the State of Florida. Pl.'s Suppl. Br. (Aug. 31, 2017) at 4–5. He curiously refers to this as a contract with the United States, although it is obviously on its face not any such thing. *See id.* at 2; *City of El Centro v. United States*, 922 F.2d 816, 820–824 (Fed. Cir. 1990).

---

† The Due Process Clause of the Fifth Amendment may only be a basis for our jurisdiction when a claim concerns an illegal exaction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996); *Coleman v. United States*, No. 13-431C, 2014 WL 949984, at *3 (Fed. Cl. Mar. 7, 2014).

Finally, plaintiff seeks equitable relief. It is difficult to decipher the exact form that Mr. Croteau believes this relief should take, but he does seem to request a declaratory judgment to the effect that he is not a citizen of the United States. Compl. 26. This court, however, has no authority to issue equitable relief that is not collateral to a valid claim of monetary damages. *See Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998).

### III. CONCLUSION

Because plaintiff's allegations do not raise a matter within this court's limited jurisdiction, the defendant's motion to dismiss this case is hereby **GRANTED**. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge